IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KEITH SMITH and TERESA SMITH | § § | |
| Plaintiffs, | § § | |
| VS. | § § | CASE NO. 4:12cv486 |
| ALLSTATE TEXAS LLOYDS | § § | |
| Defendant. | § § | |

**REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court are Defendant Allstate Texas Lloyds' Motion for Summary Judgment on Affirmative Claims (Dkt. 29) and Motion for Summary Judgment as to Plaintiffs' Affirmative Claims (Dkt. 30). The Court finds that the motions should be GRANTED as set forth below.

This suit involves a claim by Plaintiffs Keith Smith and Teresa Smith ("Plaintiffs") for insurance benefits under a Texas Homeowners Policy, number 229258057, issued to them by Defendant Allstate Texas Lloyds for the period October 25, 2010 to October 25, 2011 insuring residential property ("the Property") located at 1135 Belmont, Paris, Texas 75460 ("the Policy"). Plaintiffs claim that the Property was damaged on January 2, 2011 when a toilet overflowed. Plaintiffs further claim that Allstate wrongfully denied liability and failed to pay their claim for damages to the building and contents.

Plaintiffs filed suit against Allstate in July 2012 in the 62nd Judicial District Court of Lamar County, and Defendant subsequently removed the case to this Court. Since removal, Plaintiffs have amended their complaint twice. Plaintiffs' Second Amended Complaint asserts negligence and

1

breach of contract claims against Defendant. *See* Dkt. 14. Plaintiffs also allege violations of the Texas Insurance Code, and violations of the DTPA and seek damages for loss of use, replacement costs, diminished value, cost of repair and mental anguish. *See id.*

Defendant denies Plaintiffs' allegations and has filed a counterclaim against Plaintiffs for fraud. *See* Dkt. 16.

Now before the Court are Defendant's motion for summary judgment as to Plaintiffs' claims against it as well as Defendant's motion for summary judgment as to its counterclaim against Plaintiffs.

**MOTION FOR SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549, 119 S. Ct. 1545, 143 L. Ed.2d 731 (1999). The appropriate inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986).

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel,* 274 F.3d 984, 991 (5th Cir. 2001). In sustaining this burden, the movant must identify those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553, 91 L. Ed.2d 265 (1986). The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996).

In response, the nonmovant's motion "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255-57, 106 S. Ct. at 2513-14). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial. *Stults*, 76 F.3d at 655. The citations to evidence must be specific, as the district court is not required to "scour the record" to determine whether the evidence raises a genuine issue of material fact. E.D. TEX. LOCAL R. CV-56(d). Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Stults*, 76 F.3d at 655.

## ANALYSIS

Defendants' motions were filed on September 13, 2013. After no responses were timely filed, on October 23, 2013, the Court entered an order stating that if no summary judgment responses were filed by October 31, 2013, the Court would assume that Plaintiffs did not oppose the relief requested by Defendant and proceed accordingly. *See* Dkt. 31. Plaintiffs did not timely file any summary judgment response on October 31, and, to date, Plaintiffs have made no motions to the

Court attempting to show good cause for their failure to respond.

More importantly, Plaintiffs have failed to file any summary judgment evidence whatsoever in this matter. Defendant, on the other hand, has offered substantial – uncontroverted – evidence into the summary judgment record.

In support of its motion as to Plaintiffs' Affirmative Claims, Defendant submits the following summary judgment evidence: (1) Plaintiffs' Second Amended Complaint; (2) Homeowners policy number 229258057 issued to Keith Smith and Teresa Smith by Allstate Texas Lloyds for the period October 25, 2010 to October 25, 2011; (3) Condensed Transcript of the Oral Deposition of Otis Keith Smith Taken on July 30, 2013; (4) Expert report of Glenn Hardin, P.E.; (5) Affidavit of Patrick Ferrand; (6) Plaintiffs' Disclosure of Expert Witnesses; and (7) Recorded Statement of Plaintiff Keith Smith. *See* Dkts. 30-1 – 30-7.

As to Plaintiffs' affirmative claims, Defendant argues that its duty to indemnify has not been triggered because Plaintiffs have not established the rights to recovery under the Policy. Specifically, Defendant argues that because Plaintiffs cannot show that the loss was sudden and accidental, Plaintiffs failed to suffer a covered loss. Defendant contends that the overflow was caused when the flapper valve was hung open and the commode was simultaneously plugged. According to Defendant's summary judgment evidence, for this reason, Allstate found that the claim was not a covered claim for a "sudden and accidental" discharge or overflow. Plaintiffs have offered no summary judgment evidence that would create a fact issue to show that the overflow was one covered under the Policy. Summary judgment should be granted for Defendant as to Plaintiffs' breach of contract claim and any negligence claim that would survive application of the economic

loss doctrine.

Defendant also seeks summary judgment as to Plaintiffs' claims of bad faith, violation of the DTPA, or breach of the duty of good faith and fair dealing. Under Texas law, "as a general rule, there can be no claim for bad faith when an insurer has promptly denied a claim that is, in fact, not covered." *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995). Moreover, "in most circumstances, an insured may not prevail on a bad faith claim without first showing that the insurer breached the contract." *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627 (Tex. 1996). Plaintiffs have failed to show any fact issue as to breach or bad faith – nor have Plaintiffs controverted Defendant's contention that their claim did not fall within the Policy. Therefore, their bad faith claims faith. And, without a fact issue as to the bad faith claim, Plaintiffs' insurance code and DTPA claims also fail. *Progressive County Mut. Ins. Co. v. Boyd,* 177 S.W.3d 919, 922-23 (Tex. 2005); *Carter v. State Farm Mut. Auto. Ins. Co.*, 33 S.W.3d 369, 373 (Tex. App. – Fort Worth 2000, no pet.) (stating that when claims under the DTPA and Insurance Code do nothing more than recharacterize a bad faith claim, defense to the bad faith claim serves to defeat the statutory claims).

Although Defendant does not have the ultimate burden on summary judgment, the Court finds that none of the evidence in the summary judgment record creates a genuine issue of material fact as to Plaintiffs' claims here. The Court will not – and indeed is not required to – scour the record in this matter to determine whether Plaintiffs could create a genuine issue of material facts as to their claims.

The non-movants' burden in summary judgment proceedings is clear. *See Ragas*, 136 F.3d at 458; *Stults*, 76 F.3d at 655. Plaintiffs have not sustained their summary judgment burden of

showing that their claim was actually covered under the Policy nor have Plaintiffs shown any covered damages. Absent a fact issue regarding the existence of a covered claim, there is no fact issue as to Defendant's duty to pay. There is also no fact issue as to whether Defendant acted in bad faith or intentionally inflicted emotional distress on Plaintiffs. And, by failing to offer any summary judgment evidence, Plaintiffs have shown no fact issues regarding the alleged violations of the DTPA or the breach of the duty of good faith and fair dealing.

The Court's time and resources are limited, and the Court will not do Plaintiffs' work for them. Plaintiffs were granted additional time to prepare a response to submit evidence to create a genuine issue of material fact as to their claims, and they did not do so. In accordance with Local Rule CV-7(d), the Court thus assumes that Plaintiffs' failure to respond to the motion for summary judgment indicates that they are not opposed to it and that, having been granted additional time to respond, they concede that there is no genuine issue of material fact as to at least one of the elements of all of their claims.

Accordingly, the Motion for Summary Judgment as to Plaintiffs' Affirmative Claims (Dkt. 30) should be GRANTED and Allstate is entitled to summary judgment on all of Plaintiffs' claims in this case as a matter of law.

The Court now turns to Defendant's counterclaim against Plaintiffs. In its other motion for summary judgment, Allstate argues that it is entitled to judgment as a matter of law on its fraud counterclaim. According to Defendant, Allstate's investigation revealed that Plaintiffs had made fraudulent misrepresentations with respect to six prior water claims submitted to Allstate. Allstate's motion for summary judgment seeks judgment as a matter of law on the damages suffered in

overpayment of these claim numbers 6094790109; 6095438146; 6096106668; 0107780363, 0109411561; and 0142854397 totaling $21,577.56.[1]

In support of its motion for summary judgment as to its affirmative claims, Allstate submits the following evidence: (1) Plaintiffs' Second Amended Complaint; (2) Homeowners policy number 229258057 issued to Keith Smith and Teresa Smith by Allstate Texas Lloyds for the period October 25, 2010 to October 25, 2011; (3) Affidavit of Patrick Ferrand; (4) Condensed Transcript of the Oral Deposition of Otis Keith Smith Taken on July 30, 2013; (5) Letter from Allstate to Plaintiffs requesting restitution in the amount of $1,664 regarding claim number 6094790109; (6) Letter from Allstate to Plaintiffs requesting restitution in the amount of $1,542.17 regarding claim number 6096106668; (7) Letter from Allstate to Plaintiffs requesting restitution in the amount of $981.46 regarding claim number 0107780363; (8) Claim Summary regarding claim number 6096106668; (9) Allstate adjuster notes regarding claim number 6094790109 dated October 6, 2003, October 11, 2003 and October 13, 2003; (10) Allstate adjuster note regarding claim number 6095438146 dated October 16, 2004; (11) Proposal from Fortner Quality Cabinets dated July 26, 2006; (12) Document concerning kitchen cabinets submitted to Allstate by Plaintiffs for reimbursement indicating "paid in full;" (13) Statement from Farmer Drywall; (14) Documents from Whites Flooring Depo dated March 4, 2008, April 2, 2008, and March 5, 2008; (15) Documents from Ivan Smith Furniture & Appliance submitted to Allstate by Plaintiffs for reimbursement; (16) Recorded Statement of Keith

---

[1] Allstate also seeks exemplary damages in this fraud action pursuant to Texas Civil Practice and Remedies Code Sec. 41.003(a)(1). However, Defendant provides no briefing or argument on the matter (nor does Defendant's proposed order seek such relief), therefore, the Court declines to recommend that it be awarded here.

Smith taken on January 11, 2011; (17) Photograph of the floor pan of Plaintiffs' master bathroom shower taken as a result of their October 16, 2004 claim, Claim No. 6095438146. *See* Dkts. 29-1 – 29-17.

As with Defendant's motion as to Plaintiff's affirmative claim, Plaintiffs have again failed to respond. Plaintiffs have offered no summary judgment evidence that would create a fact issue regarding Defendant's summary judgment argument and evidence that Plaintiffs made a false material representation to Allstate; that Plaintiffs knew the representation was false, or made the representation recklessly, as a positive assertion, and without knowledge of its truth; that Plaintiffs made the representation with the intent that Allstate act on it; that Allstate relied on the representation; or that the representation caused Allstate injury. Plaintiffs, as non-movants, have a clear summary judgment burden and they simply have not sustained it here.[2] For this reason, the Court finds that Defendant Allstate Texas Lloyds' Motion for Summary Judgment on Affirmative Claims (Dkt. 29) should be GRANTED for Defendant as to the fraud counterclaim.[3]

### RECOMMENDATION

For the reasons set forth herein, the Court finds that Defendant Allstate Texas Lloyds' Motion for Summary Judgment on Affirmative Claims (Dkt. 29) and Motion for Summary Judgment as to Plaintiffs' Affirmative Claims (Dkt. 30) should be GRANTED, that Plaintiffs should take

---

[2]Indeed, the record contains no evidence of any responsive pleading by Plaintiffs as to Defendant's fraud claims whatsoever.

[3]The Court also notes that summary judgment as to fraud also appears to void any coverage under the Policy, as argued by Defendant, but the Court need not reach this argument as the Court has found no fact issue as to whether the loss should have been covered.

nothing from any of their claims against Defendant Allstate Texas Lloyds, Inc. and that Allstate Texas Lloyds, Inc. should have and recover damages from Plaintiffs in the amount of $21,577.56 for the fraud counterclaim.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 25th day of November, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE